UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
                                    )
JOANNE PEDERSEN, et al.,            )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   Civil Action No. 3:10-cv-01750 (VLB)
                                    )
OFFICE OF PERSONNEL                 )
MANAGEMENT, et al.,                 )
                                    )
            Defendants.             )
_____ )

**LOCAL RULE 56(a)2 STATEMENT**

Pursuant to Local Rule 56(a)2, Intervenor-Defendant the Bipartisan Legal Advisory Group of the United States House of Representatives (the "House") submits the below Response to Plaintiffs' Local Rule 56(a)1 Statement in Support of Plaintiffs' Motion for Summary Judgment.

**I.     Paragraph by Paragraph Response to Plaintiffs' Statement.**

1.     Whether there are one or more legal classes of marriages in various states is not a question of fact, but is for the Court to decide as a matter of law. This is illustrated by the fact that Plaintiffs cite no admissible evidence in support of this contention.

2.     The House does not dispute that Plaintiffs are or were validly married under state law. Joint Aff. of Joanne Pedersen & Ann Meitzen (July 15, 2011) (ECF No. 64) ("Pedersen & Meitzen Aff.") ¶ 1; Aff. of Gerald V. Passaro II (July 15, 2011) (ECF No. 65) ("Passaro Aff.") ¶ 11; Joint Aff. of Raquel Ardin & Lynda

DeForge (July 15, 2011) (ECF No. 66) ("Ardin & DeForge Aff.") ¶ 2; Joint Aff. of Janet Geller & Joanne Marquis (July 15, 2011) (ECF No. 67) ("Geller & Marquis Aff.") ¶ 3; Joint Aff. of Geraldine Artis & Suzanne Artis (July 15, 2011) (ECF No. 68) ("Artis & Artis Aff.") ¶¶ 3-4; Joint Aff. of Bradley Kleinerman & James Flint Gehre (July 15, 2011) (ECF No. 69) ("Kleinerman & Gehre Aff.") ¶ 2; Joint Aff. of Pls. Damon Savoy & John Weiss (July 15, 2011) (ECF No. 70) ("Savoy & Weiss Aff.") ¶ 1.  Insofar as Plaintiffs assert that they "have a right to be married," this is a legal conclusion as to which no response is required.

    3.     Undisputed.

    4.     Undisputed.

    5.     Undisputed.

    6.     Undisputed.

    7.     Undisputed.

    8.     Undisputed.

    9.     While the House does not dispute that Pedersen and Meitzen are not eligible for enrollment in a "Self and Family" FEHB plan by virtue of their state-law marriage to a person of the same sex, the legal effects of DOMA, and whether it is the sole cause of this ineligibility, are not questions of fact but are for the Court to decide as a matter of law.  This is illustrated by the fact that Plaintiffs cite no admissible evidence in support of this assertion.

    10.    Undisputed.

    11.    Undisputed.

12. Plaintiffs' subjective belief as to whether "they have been injured by DOMA" is not relevant to any issue in this case and therefore is not admissible evidence. The House does not dispute that Meitzen manages a full time job and experiences recurring health issues, Pedersen & Meitzen Aff. ¶ 13, or that Pedersen has worked for the federal government for thirty years, *id.* ¶ 4. Whether Plaintiffs actually have suffered a legally cognizable injury as a result of DOMA, however, is not a question of fact but is for the Court to decide as a matter of law.

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Undisputed, on the understanding that Plaintiffs are not here asserting that DOMA was the sole legal cause of any denial of benefits. To the extent Plaintiffs do make such an assertion, this is not an assertion of fact but rather is for the Court to decide as a matter of law.

17. What Passaro "believes" about how Buckholtz hypothetically would feel is not relevant to any issue in this case and therefore is not admissible evidence.

18. Undisputed.

19. Undisputed.

20. Undisputed.

21. Undisputed.

22. Undisputed.

23. Undisputed.

24. Undisputed.

25. The House does not dispute that Ardin requires assistance one day every three months due to her medical treatments, or that DeForge has provided such care. Ardin & DeForge Aff. ¶¶ 15-16. However, Plaintiffs have submitted no evidence indicating that DeForge is the only person capable of providing such care. *See id.*

26. Undisputed.

27. Undisputed, on the understanding that Plaintiffs are not here asserting that DOMA was the sole legal cause of any denial of FMLA leave. To the extent Plaintiffs do make such an assertion, this is not an assertion of fact but rather is for the Court to decide as a matter of law.

28. Undisputed.

29. Undisputed.

30. Undisputed.

31. Undisputed.

32. Undisputed.

33. Undisputed.

34. Undisputed, on the understanding that DeForge and Ardin were "married" only for purposes of state law.

35. Undisputed.

36. Undisputed.

37. Plaintiffs' subjective beliefs about how "DOMA labels them" are not relevant to any issue in this litigation, and therefore are not admissible evidence.

The House does not dispute that same-sex couples cannot be "married" for purposes of federal law, and therefore that DeForge would not be able to obtain a survivor annuity on Ardin's federal pension, or be buried with Ardin in a veterans' cemetery.

      38.     Undisputed.

      39.     Undisputed.

      40.     Undisputed.

      41.     Undisputed.

      42.     Undisputed, on the understanding that who is a "spouse" for purposes of Medicare Part B supplemental insurance cost supplements is governed by federal law.

      43.     Undisputed.

      44.     Undisputed, on the understanding that Plaintiffs are not here asserting that DOMA was the sole legal cause of any denial of benefits. To the extent Plaintiffs do make such an assertion, this is not an assertion of fact but rather is for the Court to decide as a matter of law.

      45.     Undisputed.

      46.     Plaintiffs' subjective beliefs about how DOMA treats them are not relevant to any issue in this litigation, and therefore are not admissible evidence. To the extent that Plaintiffs assert the truth of their beliefs, the House disputes that DOMA "is taking away the recognition of [Plaintiffs'] family that marriage brought to them"—as federal law never has recognized same-sex marriages, the "recognition of their family that marriage brought to them" has remained

constant since the day their state-law marriage began, and Plaintiffs' suggestion to the contrary is not credible and need not be accepted by the trier of fact. *Cf.* Geller & Marquis Aff. ¶¶ 12-14. Although the House does not dispute that federal law's non-recognition of same-sex marriages has decreased Ardin's and DeForge's monthly retirement income, *see id.* ¶ 9, to the extent that Plaintiffs are asserting that DOMA was the sole legal cause of any of these alleged effects, this is not an assertion of fact but rather is for the Court to decide as a matter of law. Whether Plaintiffs are being "treat[ed] as second class citizens" is not a question of fact but of unreviewable opinion.

47. Undisputed.

48. Undisputed, on the understanding that Plaintiffs are asserting that Suzanne and Geraldine Artis have joint legal custody and guardianship of three children, and not that Suzanne and Geraldine Artis are both related to each of those children by blood or genetically.

49. Undisputed.

50. Undisputed.

51. Undisputed.

52. Undisputed.

53. Undisputed, on the understanding that Plaintiffs are not here asserting that DOMA was the sole legal cause of the denial of Married Filing Jointly status. To the extent they do make such an assertion, this is not an assertion of fact but rather is for the Court to decide as a matter of law.

54. Plaintiffs' subjective beliefs about how DOMA treats them are not relevant to any issue in this litigation, and therefore are not admissible evidence. To the extent that Plaintiffs assert the truth of their beliefs, the House disputes that DOMA (i) requires them or anyone "to disregard their own marital status" or (ii) "artificially divides their family," as under DOMA and the Internal Revenue Code Plaintiffs are not married for purposes of federal law. In light of this rule of law, Plaintiffs' assertions are not credible and need not be accepted by the trier of fact. *Cf.* Artis & Artis Aff. ¶¶ 23-24. To the extent that Plaintiffs are asserting that DOMA was the sole legal cause of any of these alleged effects, this is not an assertion of fact but rather is for the Court to decide as a matter of law.

55. Undisputed.

56. Undisputed.

57. Undisputed.

58. Undisputed.

59. Undisputed.

60. Undisputed.

61. Undisputed, on the understanding that Plaintiffs are not here asserting that DOMA was the sole legal cause of the denial of Married Filing Jointly status. To the extent Plaintiffs do make such an assertion, this is not an assertion of fact but rather is for the Court to decide as a matter of law.

62. The statements of a Customs agent are not relevant to Kleinerman's and Gehre's claim for a refund of federal income taxes, and therefore are not admissible evidence. To the extent Plaintiffs assert the correctness of these

alleged statements, they are inadmissible hearsay and in any event go to a question of law, not fact.

63.    Plaintiffs' subjective beliefs about how DOMA treats them are not relevant to any issue in this litigation, and therefore are not admissible evidence. To the extent that Plaintiffs assert the truth of their beliefs, the House disputes that an accurate statement of one's marital status under federal law is a "lie." In light of this rule of law, Plaintiffs' statements are not credible and need not be accepted by the trier of fact.  *Cf.* Kleinerman & Gehre Aff. ¶¶ 8, 18.  Whether federal law prevents a family from being "fully recognized" or "diminishes the meaning" of any state-law marriage is not a question of fact but of unreviewable opinion.  To the extent that Plaintiffs are asserting that DOMA was the sole legal cause of any of these alleged effects, this is not an assertion of fact but rather is for the Court to decide as a matter of law.

64.    Undisputed.

65.    Undisputed.

66.    Undisputed.

67.    Undisputed.

68.    Undisputed, except to the extent that whether "health insurance is very important" to any given person or family is not a question of fact but of unreviewable opinion.

69.    Undisputed.

70.    Undisputed, on the understanding that Plaintiffs are not here asserting that DOMA was the sole legal cause of any denial of benefits.  To the

extent Plaintiffs do make such an assertion, this is not an assertion of fact but rather is for the Court to decide as a matter of law.

71.     The House does not dispute that Weiss was not added to Savoy's "Self and Family" plan, or that he subsequently began paying for private insurance. Savoy & Weiss Aff. ¶¶ 8, 19-20. Plaintiffs' evidence does not establish that Weiss had no other less costly options for obtaining health coverage. *Id.*

72.     Plaintiffs' subjective beliefs about how DOMA treats them are not relevant to any issue in this litigation, and therefore are not admissible evidence. Whether federal law "singles out" any family "for disrespect" is not a question of fact but of unreviewable opinion. To the extent that Plaintiffs are asserting that DOMA was the sole legal cause of any of these alleged effects, this is not an assertion of fact but rather is for the Court to decide as a matter of law.

II.     **Disputed Issues of Material Fact.**

1.     Per the final sentence of Local Rule 56(a)2, there are no disputed issues of material adjudicative fact. Rather, the Court should grant the House's simultaneously-filed motion to dismiss. *See* House Mot. to Dismiss (Aug. 15, 2011); House Mem. in Support of Mot. to Dismiss (Aug. 15, 2011).

                **Respectfully submitted,**

                */s/ Paul D. Clement*
                **Paul D. Clement**
                **H. Christopher Bartolomucci**
                **Conor B. Dugan**
                **Nicholas J. Nelson**
                **BANCROFT PLLC**
                **1919 M Street, Northwest, Suite 470**
                **Washington, District of Columbia  20036**
                **Telephone:  (202) 234-0090**
                **Facsimile:   (202) 234-2806**

                *Counsel for the Bipartisan Legal Advisory*
                *Group of the U.S. House of Representatives*

**OF COUNSEL:**

**Kerry W. Kircher, General Counsel**
**Christine Davenport, Senior Assistant Counsel**
**Katherine E. McCarron, Assistant Counsel**
**William Pittard, Assistant Counsel**
**Kirsten W. Konar, Assistant Counsel**
**OFFICE OF GENERAL COUNSEL**
**U.S. House of Representatives**
**219 Cannon House Office Building**
**Washington, District of Columbia  20515**
**Telephone:  (202) 225-9700**
**Facsimile:   (202) 226-1360**

**August 15, 2011**

## CERTIFICATE OF SERVICE

I certify that on August 15, 2011, I served one copy of Intervenor-Defendant's Local Rule 56(a)2 Statement by CM/ECF and by electronic mail (.pdf format) on the following:

Gary D. Buseck
Janson Wu
Mary L. Bonauto
Gay & Lesbian Advocates & Defenders
30 Winter St., Suite 800
Boston, MA 02108-4720
617-426-1350
gbuseck@glad.org
jwu@glad.org
mbonauto@glad.org

Karen L. Dowd
Kenneth James Bartschi
Horton, Shields & Knox
90 Gillett St.
Hartford, CT 06105
860-522-8338
Fax: 860-728-0401
kdowd@hortonshieldsknox.com
kbartschi@hsklawfirm.com

David J. Nagle
Richard L. Jones
Sullivan & Worchester LLP
One Post Office Square
Boston, MA 02109
dnagle@sandw.com
rjones@sandw.com

Paul M. Smith
Luke C. Platzer
Daniel I. Weiner
Matthew J. Dunne
Jenner & Block
1099 New York Ave., N.W., Suite 900
Washington, DC 20001-4412
psmith@jenner.com
lplatzer@jenner.com
dweiner@jenner.com
mdunne@jenner.com

David Christopher Nelson
U.S. Attorney's Office – HTFD
450 Main St., Rm. 328
Hartford, CT 06103
david.c.nelson@usdoj.gov

Judson O. Littleton
UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION
20 Massachusetts Ave., N.W., Seventh Floor
Washington, DC 20530
judson.o.littleton@usdoj.gov

            */s/ Kerry W. Kircher*
            Kerry W. Kircher