UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

_____
JOANNE PEDERSEN & ANN MEITZEN,            )
GERALD V. PASSARO II,                     )
LYNDA DEFORGE & RAQUEL ARDIN,             )
JANET GELLER & JOANNE MARQUIS,            )
SUZANNE & GERALDINE ARTIS,                )
BRADLEY KLEINERMAN & JAMES GEHRE, and     )
DAMON SAVOY & JOHN WEISS,                 )
                                          )
    Plaintiffs,                          )
                                          )
v.                                        )   CIVIL ACTION
                                          )   No. 3:10-cv-1750 (VLB)
OFFICE OF PERSONNEL MANAGEMENT,           )
TIMOTHY F. GEITHNER, in his official capacity )
as the Secretary of the Treasury, and     )
HILDA L. SOLIS, in her official capacity as the )
Secretary of Labor,                       )
MICHAEL J. ASTRUE, in his official capacity )
as the Commissioner of the Social Security )
Administration,                           )
UNITED STATES POSTAL SERVICE,             )
JOHN E. POTTER, in his official capacity as )
The Postmaster General of the United States of )
America,                                  )
DOUGLAS H. SHULMAN, in his official       )
capacity as the Commissioner of Internal  )
Revenue,                                  )
ERIC H. HOLDER, JR., in his official capacity )
as the United States Attorney General,    )
JOHN WALSH, in his official capacity as Acting )
Comptroller of the Currency, and          )
THE UNITED STATES OF AMERICA,             )
                                          )
    Defendants.                          )
_____)

**PLAINTIFFS' SUR-REPLY WITH RESPECT TO
INTERVENOR-DEFENDANT'S MOTION TO STAY PROCEEDINGS**

**Oral Argument is Not Requested.**

The Intervenor-Defendant, the Bipartisan Legal Advisory Group of the United States House of Representative (the "House"), has moved to stay proceedings – in effect, asking this Court to refrain from issuing a decision on the parties' dispositive motions.

The Plaintiffs opposed the House's motion noting: (1) the Plaintiffs' ongoing harms; (2) the fact that this case is fully briefed and simply awaiting decision; and (3) that the House bears the heavy burden of demonstrating a clear case of hardship or inequity if it is forced to continue litigating the case. (Docket No. 110).

The House filed a Reply to Plaintiffs' Opposition in which it did not (because it could not) dispute points 1 and 2 above and in which it offered absolutely nothing (again, because it could not) to meet its burden of showing a clear case of hardship or inequity. (Docket No. 112).

Rather, the House simply repeats again and again the mantra that the constitutional issue in this case is "identical to the issue now before the Second Circuit in *Windsor*." (Docket No. 112, pp. 1, 2; *see also* pp. 3, 4).

However, repetition does not an argument make, particularly in the face of clear Supreme Court precedent (cited by the Plaintiffs and simply ignored in Reply by the House) that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936).[1]

---

[1] Nor does it matter – or "further enforce the appropriateness of a stay here" – that there is now an expedited briefing and argument schedule in *Windsor* and

- 1 -

**Baldly ignoring this direction, the House asserts that "[t]here is no reason this Court should further expend its time and resources resolving a highly-charged constitutional issue on which the political branches of the federal government are at odds … just so that one of the parties in this case can take an appeal to the Second Circuit and that Court can enter a stay."** (Docket No. 112, pp. 3-4).

However, there is a very important reason.  The Plaintiffs have expended considerable resources in litigating this case since November 2010.  Now, the parties have completed dispositive briefing such that the case is ripe for decision; and it is not the House's prerogative to interfere with this Court "expend[ing] its time and resources" to decide a fully briefed case absent some clear showing of harm.  *Landis, supra*; *see also* Docket No. 110, pp. 4-6).

And again, to the question of harm, the House has virtually nothing to say in its Reply.  To that point, the House seems indignant that the Plaintiffs would suggest that the House suffers no harm if a stay is denied in this case.  (Docket No. 112, p. 6).  However, beyond the posture of indignation, no substantive evidence of harm emerges.  They say only that "the cost to the federal taxpayer … in further proceedings before the district court and appeals from rulings of this Court … cannot so easily be discounted."  (*Id.*).

All well and good, but if there is a cost to taxpayers of waiting for, and

---

now a petition for certiorari filed in the Supreme Court by the House vis-à-vis "the First Circuit's DOMA ruling in the *Massachusetts* case." (Docket No. 112, p. 2). Neither the timing nor the number of other cases alters the fact that: (1) the Plaintiffs have a right to a decision; and (2) the House has demonstrated no hardship.

receiving, a decision from this Court, it is hardly obvious. Moreover, while an appeal can involve cost, as the Plaintiffs noted in their Opposition, the House can always ask for a stay from the Second Circuit; and that Court can decide for itself whether consolidation with *Windsor* is feasible or whether the mix of federal programs at issue in this case warrants separate or joint consideration. Moreover, it bears repeating that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

As noted above, the House breezily suggests that somehow it does not matter where the stay is sought. (*Id.*, p. 6 ("just so that one of the parties can take an appeal to the Second Circuit and that Court then can enter a stay")). However, it does matter to the Plaintiffs' right to have a resolution of their claims and to be proceeding forward on appeal. Moreover, it is not for the House to tell this Court what circumstances might exist vis-à-vis a stay request when this case is on appeal in another court.

Two final points are worth mention. First, the House suggests that this Court "follow the lead of the *McLaughlin* court and stay all proceedings in this case …." (*Id.*, p. 7). However, as the Plaintiffs' pointed out in their Opposition, *McLaughlin* was first stayed when that case was recently filed and the Defendants had not yet filed an answer or other responsive pleading. (Docket No. 110, p. 9 n.7). In pointing to the recent extension of that stay in *McLaughlin*, the House simply avoids the fundamental and dispositive difference between the two cases, i.e., the present case is fully litigated and awaiting decision while the *McLaughlin*

case has never gone beyond its initial stages. Comparing the two situations is truly comparing apples and oranges under the law of stays.

Second, in their Opposition, the Plaintiffs noted that, while the House asserted that a decision in *Windsor* would "control" or "inform" this case, the House failed "to mention that it had challenged the Plaintiff's standing in *Windsor*, arguing that the court should not have reached the merits of the constitutional claims." (*Id.*, p. 10) Although the district court in *Windsor* rightly rejected this argument, the House did not, in its motion to stay, indicate any intention to abandon the argument on appeal. (*Id.*, pp. 10-11).

Now, in its Reply, the House initially skirts the Plaintiffs' point by accusing the Plaintiffs of "speculat[ion]," (Docket No. 112, p. 6) and then engages in a rather abstract discussion of every federal court's obligation to "satisfy itself that it has subject matter jurisdiction …" (*Id.*). It then suggests this Court has no reason to deny a stay unless it finds that the Second Circuit is likely to dismiss the appeal on that basis. (*Id.*, p. 7). In short, the House points to everyone but itself, seemingly to avoid declaring whether it intends to abandon the standing argument on appeal or not.

In sum, having failed to meet its heavy burden to justify a motion asking this Court to refrain from issuing its ruling on the Plaintiffs' claims, the motion of the House to stay proceedings should be denied.

                                        Respectfully submitted,

                                        Joanne Pedersen & Ann Meitzen
                                        Gerald V. Passaro, II
                                        Raquel Ardin & Lynda DeForge
                                        Janet Geller & Joanne Marquis

**Suzanne & Geraldine Artis
Bradley Kleinerman & James Gehre and
Damon Savoy & John Weiss**

**By their attorneys,**


**GAY & LESBIAN ADVOCATES &
DEFENDERS**

**/s/  Gary D. Buseck**
**Gary D. Buseck, #ct28461
gbuseck@glad.org
Mary L. Bonauto, #ct28455
mbonauto@glad.org
Vickie L. Henry, #ct28628
vhenry@glad.org
Janson Wu, #ct28462
jwu@glad.org
30 Winter Street, Suite 800
Boston, MA  02108
(617) 426-1350**


**JENNER & BLOCK**

**/s/  Paul M. Smith**
**Paul M. Smith, (pro hac vice motion to be filed)
psmith@jenner.com
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
(202) 639-6060**


**HORTON, SHIELDS & KNOX**

**/s/ Kenneth J. Bartschi**
**Kenneth J. Bartschi, #ct17225
kbartschi@hortonshieldsknox.com
Karen Dowd, #ct09857
kdowd@hortonshieldsknox.com
90 Gillett St.
Hartford, CT  06105
 (860) 522-8338**

- 5 -

AS TO PLAINTIFFS
SUZANNE & GERALDINE ARTIS
BRADLEY KLEINERMAN & JAMES GEHRE

SULLIVAN & WORCESTER LLP

/s/  David J. Nagle
David J. Nagle, #ct28508
dnagle@sandw.com
Richard L. Jones, #ct28506
rjones@sandw.com
One Post Office Square
Boston, MA  02109
(617) 338-2800

DATED:  July 3, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2012, a copy of the foregoing Plaintiffs' Sur-Reply with Respect to Intervenor-Defendant's Motion to Stay Proceedings was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/ Gary D. Buseck

Gary D. Buseck