UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOANNE PEDERSEN, et al., <br>     Plaintiffs, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. <br> 3:10-cv-1750 (VLB) |
| OFFICE OF PERSONNEL MANAGEMENT, et al., <br>     Defendants, | : <br> : <br> : <br> : | |
| v. | : <br> : | |
| BIPARTISAN LEGAL ADVISORY GROUP OF THE UNITED STATES HOUSE OF REPRESENTATIVES, <br>     Intervenor-Defendant. | : <br> : <br> : <br> : | July 4, 2012 |

## ORDER DENYING INTERVENOR-DEFENDANT'S MOTION TO STAY [Dkt. #108]

The Intervenor-Defendant, the Bipartisan Legal Advisory Group of the United States House of Representatives ("BLAG"), has asked the Court to stay the proceedings in this matter and to delay resolution of the currently pending dispositive motions in light of the appeal pending in the Second Circuit in the case of *Windsor v. United States*, No. 10-cv-08435 (S.D.N.Y.). BLAG notes that the Second Circuit has now set an expedited briefing schedule for the *Windsor* case and asserts that the issue before this Court "is precisely the issue now before the Second Circuit in *Windsor*." [Dkt. #108, p. 3].

"A stay in a civil case is an extraordinary remedy." *Hicks v. City of N.Y.*, 268 F.Supp.2d 238, 241 (E.D.N.Y. 2003). Whether or not to grant a motion to stay is "an exercise of judicial discretion," and the appropriateness of a stay "is dependent upon the circumstances of the particular case." *Virginian Ry. Co. v.*

*U.S.*, 272 U.S. 658, 672-73 (1926).  Consideration of a motion to stay focuses primarily on four factors, including: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 566 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The party "seeking the stay 'bears the burden of establishing its need.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

Addressing first BLAG's assertion that the current case presents "precisely the issue now before the Second Circuit in *Windsor*," [Dkt. #108, p. 3], the Court finds that the *Windsor* case is distinguishable where the *Windsor* case was filed by a single Plaintiff whose standing has been contested by the Intervenor-Defendant BLAG. For this reason, BLAG's assertion that the Second Circuit's review of *Windsor* on appeal would dispose of the issues in this case is speculative, as the Second Circuit's analysis of *Windsor* could in fact be limited solely to the question of standing.

In considering the four factors identified by the Supreme Court to be the focus of a court's review of a motion to stay, the Court finds that the Intervenor-Defendant has failed to sustain its burden to establish the need for a stay.

Without addressing the first factor regarding a likelihood of success on the merits, BLAG has failed to articulate any suggestion that it would be "irreparably injured absent a stay," nor has it suggested that any other party would be "substantially injured" if the case were to proceed. *Nken*, 566 U.S. at 434. Briefing on the currently pending dispositive motions has been completed for months, such that no further effort or expenditure is required from the parties in order to obtain disposition of the matter. The procedural posture of this case, in which the briefing on dispositive motions has been fully completed, is therefore distinguishable from *McLaughlin v. Panetta*, No. 1-11-cv-11905 (D.Mass), which was stayed prior to any dispositive motions in light of the First Circuit's consideration of an older case challenging the constitutionality of Section 3 of DOMA.

Moreover, a stay in this matter would not conserve judicial economy, where, at the time the motion to stay was filed, the Court had already reviewed the parties' pleadings, the law upon which the pleadings relied, had undertaken significant research and analysis, and had begun the process of drafting the decision, expending a substantial number of hours on the matter. Further, as the Court has already acknowledged, the Second Circuit's review of *Windsor* may not necessarily dispose of the issues in this matter, and therefore judicial economy will not be conserved by imposing a stay where the possibility remains that the Court would ultimately need to resume consideration of the pending motions.

Lastly, the Court finds that public interest weighs against the entry of a stay in this matter, as the challenge to the constitutionality of Section 3 of DOMA

presents an important issue to the nation as a whole such that the Second Circuit and potentially the Supreme Court would benefit from as many opinions and analyses as possible to enrich their review.

The Court must also consider the potential harm to the Plaintiffs, as the opponents of this motion. The Court finds that the harm which would befall the Plaintiffs if a stay were to be entered is significant. Entering a stay in this matter would essentially deny the Plaintiffs the right to advocate for their own interests, asking them instead to "stand aside while a litigant in another [case] settles the rule of law that will define the rights of both [parties]." *Landis*, 299 U.S. at 255. Therefore, the Court concludes that there would be no benefit gained from granting a stay in this matter, which in essence, asks the Court to abstain from resolving the pending motions so that other litigants may proceed to their exclusion.

IT IS SO ORDERED.


_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge


Dated at Hartford, Connecticut: July 4, 2012